# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA HOUSING FINANCE AGENCY,<br><br>                       Plaintiff,<br>   vs.<br><br>AJMAL M. ZULALI, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>                       Defendant. | CASE NO. 12cv1626-LAB (BLM)<br><br>**ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER REMANDING CASE** |

      This is an unlawful detainer case. Ajmal M. Zulali removed it to federal court on June 29. He did not pay the $350 filing fee but instead filed a motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915. Zulali's IFP application indicates that he is employed as a civil engineer and earns $2,400 per pay period. While he has virtually no savings, he also has no debts. Zulali's employment income is more than adequate to pay the $350 filing fee. His application to proceed IFP is therefore **DENIED**.

      Assuming the Court were to grant Zulali's IFP motion, however, his removal would still be screened pursuant to 28 U.S.C. § 1915(e)(2). That is a problem for Zulali, because the only cases that can be removed to federal court are those that could have originally been brought here. 28 U.S.C. § 1441(a); *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). And this case doesn't qualify.

Zulali asserts, first, that the Court has subject matter jurisdiction over this case because he has federal defenses and counterclaims under the Truth in Lending Act and Real Estate Settlement Procedures Act. These aren't relevant to the removal question, though. Under the well-pleaded complaint rule, it's only the plaintiff's claims that matter. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Here, the California Housing Finance Agency's complaint asserts a single claim for unlawful detainer, a purely state law matter.

Zulali's second argument for subject matter jurisdiction is that "the purported unlawful detainer matter in the state proceeding are in reality concealed or disguised security transactions" that implicate federal pre-emption. The Court isn't exactly sure what Zulali means here, but certainly no federal law pre-empts a state unlawful detainer action. Besides, the rule that a case can't be removed to federal court on the basis of a federal defense includes the defense of pre-emption. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)

The final basis for subject matter jurisdiction that Zulali asserts is 28 U.S.C. § 1443. Section 1443 is a statute that allows for the removal of civil actions when a defendant's federal rights won't be respected in state court. Courts have routinely declined, however, to exercise jurisdiction over simple unlawful detainer actions under § 1443. *See, e.g., HSBC Bank v. Lee*, 2012 WL 1952906 (C.D. Cal. May 31, 2012); *U.S. Bank Nat. Ass'n v. Llopis*, 2012 WL 1799194 (E.D. Cal. May 16, 2012); *Fannie Mae v. Gooding*, 2011 WL 2636884 (S.D. Cal. July 6, 2011). Nothing distinguishes this case from those.

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Here, there is more than just doubt; there is simply no plausible argument for federal jurisdiction in the first place. Under 28 U.S.C. §1447(c), the Court is required to remand a removed case if, at any time before final judgment, it appears subject matter jurisdiction is lacking. It may remand *sua*

*sponte*, too; it doesn't have to wait for the motion of a party. *Dyer v. Greif Bros., Inc.*, 766 F.2d 398, 401 (9th Cir. 1985). That is the appropriate course here. This case is **REMANDED**.

**IT IS SO ORDERED**.

DATED: August 1, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge